STATE OF WEST VIRGINIA *ex rel.* JACK E. HOLT

*v.*

NELL GOFF DAVIS, DONNA SCOTT *and* MRS. E. L. CALES, *Ballot Commissioners of Summers County, West Virginia, and* NELL GOFF DAVIS, *Clerk of the Circuit Court of Summers County, West Virginia*

(No. 13266)

Submitted October 24, 1972.     Decided October 26, 1972.

Opinion Filed November 21, 1972.

*Leo Catsonis,* for relator.

CARRIGAN, JUDGE:

Irving S. Maddy, the Democratic nominee for House of Delegates from Summers County died on October 10, 1972. On October 16, 1972, the Democratic Executive Committee of Summers County met, selected and certified Jack E. Holt, the relator, as the person to replace Mr. Maddy as their party's nominee for a member of the House of Delegates, and petitioned the Clerk of the Circuit Court of Summers County to place relator's name on the official ballot to be voted at the general election on November 7, 1972. The Clerk and the Board of Ballot Commissioners refused to place Holt's name on the ballot.

On October 20, 1972, a petition for a writ of mandamus was presented to this Court, and a rule was issued, returnable on October 24, 1972, requiring respondents to show cause why the name of Mr. Holt should not be placed on the ballot. In order to expedite a determination of relator's right in this matter prior to the November 7 election, this Court, after a hearing on said rule, entered an order of October 26, 1972, refusing the writ and this opinion is written to state the reason for the Court's decision.

Section 19, Article 5, Chapter 3, Code of West Virginia, 1931, as amended, provides the manner and time for filling vacancies in nomination, and is controlling in this proceeding. Under this section the time within which the county executive committee could have filled this vacancy is limited to not later than the 65th day prior to November 7. This period had passed long before the action of the Democratic Executive Committee on October 16, 1972.

Section 21, Article 1, Chapter 3, Code of West Virginia, 1931, as amended, provides that the board of ballot commissioners, at least thirty days before the date of election, *shall* cause the official ballots to be printed. This thirty-day period had also passed on October 16. Section 4, Article 6, Chapter 3, Code of West Virginia, 1931, as amended, provides for use of stickers in late nominations, but their use is restricted to a nomination

by the executive committee or chairman within the time prescribed by law, *i.e.,* Section 19, Article 5, Chapter 3, Code of West Virginia, 1931, as amended.

We are not unmindful of the holding in *State ex rel. Revercomb v. O'Brien,* 141 W.Va. 662, 91 S.E.2d 865 (1956), but feel that it is distinguishable since that case involved a nomination in a primary election and the statutory time for printing ballots had not passed. The case of *State ex rel. Dodrell v. Payne,* 87 W.Va. 306, 104 S.E. 733 (1920) is also distinguishable since at that time the statute in effect dealing with filling vacancies was substantially different from our present statute.

This Court is most reluctant to deprive the voters of Summers County of a choice in electing a member of the House of Delegates. However, all of the election laws are purely statutory. Section 19, Article 5, Chapter 3, Code of West Virginia, 1931, as amended, is clear and unambiguous, and when read with Section 21, Article 1, Chapter 3, Code of West Virginia, 1931, as amended, leaves us no choice but to hold that the Democratic Executive Committee of Summers County could not fill the vacancy, caused by the death of Mr. Maddy, on October 16, 1972, that date being less than the 65th day before the November 7th general election.

For the foregoing reasons, the writ of mandamus prayed for is denied.

*Writ denied.*

Judge Haden dissents.